UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| TRACI N. WILLIAMS, § § Plaintiff, § § v. § § WOODLANDS RELIGIOUS § COMMUNITY, INC. d/b/a , § INTERFAITH of THE WOODLANDS, § § Defendants. § | Case No. 4:13-cv-3593 |

**DEFENDANT WOODLANDS RELIGIOUS COMMUNITY, INC. d/b/a , INTERFAITH OF THE WOODLANDS' ORIGINAL ANSWER**

Comes Now Defendant Woodlands Religious Community, Inc. d/b/a Interfaith of The Woodlands' and files its Original Answer and Affirmative Defenses to Plaintiff's Original Complaint:

1. Defendant admits the allegations in numbered paragraph 1 of plaintiff's Original Complaint, but denies that Defendant violated the Fair Labor Standards Act or and denies that plaintiff is entitled to any relief requested.

2. Defendant is without sufficient knowledge to admit or deny the allegations in numbered paragraph 2 of plaintiff's Original Complaint.

3. Defendant admits the allegations in numbered paragraph 3 of plaintiff's Original Complaint.

4. Defendant admits this Court has jurisdiction over violations of the Fair Labor Standards Act pursuant to 28 U.S.C. § 1331 and 29 U.S.C. § 216(b) if a violation of the Fair Labor Standards Act occurs and defendant further admits that if such a

violation occurred venue would be proper in this District; however, defendant denies the remaining allegations in numbered paragraph 4 of plaintiff's Original Complaint.

5. Defendant admits that plaintiff worked as a personnel services representative and that her employment began on or about May 23, 2011. Defendant further admits that plaintiff's employment ended on or about March 18, 2013. Defendant further admits that it receives some federal funding to assist in its provision of services; however, defendant denies that it receives any state funding and denies the remaining allegations in numbered paragraph 5 of plaintiff's Original Complaint.

6. Defendant denies the allegations in numbered paragraph 6 of plaintiff's Original Complaint.

7. Defendant denies the allegations in numbered paragraph 7 of plaintiff's Original Complaint.

8. Defendant denies the allegations in numbered paragraph 8 of plaintiff's Original Complaint.

9. Defendant denies the allegations in numbered paragraph 9 of plaintiff's Original Complaint.

10. Defendant admits that section 216(b) of the FLSA provides for an award of liquidated damages under certain circumstances; however defendant denies that plaintiff is entitled to liquidated damages and, therefore, denies the allegations in numbered paragraph 10 of plaintiff's Original Complaint.

11. Defendant admits that section 216(b) of the FLSA provides for an award of liquidated damages for under certain circumstances; however defendant denies

Case No. 4:13-cv-3593; Williams v. Woodland Religious Community
Defendant Woodland Religious Community Inc. d/b/a ,
Interfaith of the Woodlands' Answer

Page 2

that plaintiff is entitled to liquidated damages and, therefore, denies the allegations in numbered paragraph 11 of plaintiff's Original Complaint.

12. Defendant admits that plaintiff seeks additional compensation for alleged violations of the FLSA; but Defendant denies that plaintiff is entitled to such compensation and denies the allegations in numbered paragraph 12 of plaintiff's Original Complaint.

## PRAYER

13. Defendant denies that plaintiff is entitled to any of the relief requested in the "Prayer," including subparts (a) through (d).

14. Defendant is not required to respond to plaintiff's jury demand. However, to the extent the demand asserts allegations, defendant denies every allegation contained therein.

15. Defendant denies each and every allegation not specifically admitted above.

## AFFIRMATIVE DEFENSES

16. Further answering, if necessary, defendant pleads that plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations. Pursuant to 29 U.S.C. § 255(a), any claims against Defendant are subject to the two year statute of limitations.

17. Further answering, if necessary, defendant states that plaintiff was paid a salary and that her salary covered all hours worked by plaintiff each week.  Therefore, if plaintiff is entitled to receive overtime pay (which she is not), the overtime must be calculated at 0.5 of her regular rate.

Case No. 4:13-cv-3593; Williams v. Woodland Religious Community
Defendant Woodland Religious Community Inc. d/b/a ,
Interfaith of the Woodlands' Answer

Page 3

18.  Further Answering, if necessary, defendant state that plaintiff's claim is barred by the doctrine of accord and satisfaction.

19.  Further answering, if necessary, defendant state that even if it is ultimately determined that plaintiff is entitled to overtime pay under the Fair Labor Standards Act, defendant acted in good faith and its actions were based upon reasonable grounds for believing that its actions did not violate the FLSA; therefore, plaintiff is not entitled to a finding of willfulness and liquidated damages.

20.  Further answering, if necessary, defendant states that plaintiff was responsible for notifying defendant of the hours worked and of turning in her time sheets and states that plaintiff was paid for all hours that plaintiff stated that she worked, including overtime hours allegedly worked by plaintiff.

21.  Further answering, if necessary, defendant states that, upon information and belief, plaintiff may have overstated and/or misstated the hours allegedly worked, including her alleged overtime hours.

22.  Further answering, if necessary, defendant states that it is a non-profit organization and that it does not meet the requirements of the FLSA.

23.  Defendant reserves the right to amend its answer as discovery progresses and add additional defenses as it deems appropriate and necessary.

WHEREFORE, defendant respectfully requests that the Court dismiss plaintiff's claims and grant defendant such other and further relief to which it may show itself justly entitled.

Case No. 4:13-cv-3593; Williams v. Woodland Religious Community
Defendant Woodland Religious Community Inc. d/b/a ,
Interfaith of the Woodlands' Answer

Page 4

        Respectfully Submitted,

        HOLMES, DIGGS and EAMES, PLLC


    **/s/ Judith Sadler**
Judith Sadler
Texas Bar No. 17511850
14701 St. Mary's Lane, Suite 315
Houston, Texas 77079
(713) 877-8111 Telephone
(713) 877-8188 Fax
Email: jsadler@holmesdiggs.com
ATTORNEY FOR DEFENDANT
WOODLANDS RELIGIOUS
COMMUNITY d/b/a INTERFAITH OF
THE WOODLANDS

Case No. 4:13-cv-3593; Williams v. Woodland Religious Community
Defendant Woodland Religious Community Inc. d/b/a ,
Interfaith of the Woodlands' Answer

Page 5

## CERTIFICATE OF SERVICE

I hereby certify that on the 13th day of January, 2014, I electronically filed the foregoing ***Defendant Woodlands Religious Community d/b/a Interfaith of the Woodlands' Original Answer*** with the Clerk of the United States District Court using the CM/ECF system, which sent notification of such filing to the following:

James M. Terry, Jr. at jim@tsklawfirm.com

   /s/ Judith Sadler
Judith Sadler

Case No. 4:13-cv-3593; Williams v. Woodland Religious Community
Defendant Woodland Religious Community Inc. d/b/a ,
Interfaith of the Woodlands' Answer

Page 6